Query   Reports   Utilities   Help   What's New   Log Out

<span style="color:orange">CLOSED</span>

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:20-mj-00638-DUTY All Defendants

Case title: USA v. Michmowicz

Date Filed: 02/11/2020
Date Terminated: 02/11/2020

Assigned to: Duty Magistrate Judge

**Defendant (1)**

**Miles Michmowicz**
REG 79282-112
*TERMINATED: 02/11/2020*

represented by **Charles C Brown**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012-4202
213-894-2854
Fax: 213-894-0081
Email: zzCAC_FPD_Document_Receiving@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Defendant in violation of 21:846; 21:841 | |

**Plaintiff**

**USA**

represented by **US Attorney's Office**
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|

Case 3:19-cr-00220-TAV-DCP    Document 107    Filed 02/21/20    Page 1 of 33    PageID #: 259

| 02/11/2020 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Miles Michmowicz, originating in the Eastern District of Tennessee. Defendant charged in violation of: 21:846; 21:841. Signed by agent Marc Towrangeau, FBI, Special Agent. (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Miles Michmowicz; defendants Year of Birth: 1996; date of arrest: 2/11/2020 (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 3 | Defendant Miles Michmowicz arrested on warrant issued by the USDC Eastern District of Tennessee at Knoxville. (Attachments: # 1 Charging Document)(ja) (Attachment 1 replaced on 2/18/2020) (ja). (Entered: 02/18/2020) |
| 02/11/2020 | 4 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Charles F. Eick as to Defendant Miles Michmowicz Defendant arraigned and states true name is as charged. Attorney: Charles C Brown for Miles Michmowicz, Deputy Federal Public Defender, present. Court orders bail set as: Miles Michmowicz (1) $25,000 Appearance Bond, SEE ATTACHED BOND FOR TERMS AND CONDITIONS. Government moves to UNSEAL: GRANTED as to this defendant only. Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to Eastern District of Tennessee. Bond to Transfer. Defendant ordered to report on 2/25/2020 at 1:30 PM. Release Order No 39485. Court Smart: CS 2/11/2020. (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 5 | DECLARATION RE: PASSPORT filed by Defendant Miles Michmowicz, declaring that I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 6 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Miles Michmowicz. (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 7 | FINANCIAL AFFIDAVIT filed as to Defendant Miles Michmowicz. (Not for Public View pursuant to the E-Government Act of 2002) (ja) (Entered: 02/18/2020) |
| 02/11/2020 | 8 | WAIVER OF RIGHTS approved by Magistrate Judge Charles F. Eick as to Defendant Miles Michmowicz. (ja) (Entered: 02/18/2020) |
| 02/13/2020 | 9 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Miles Michmowicz conditions of release: $25,000 Appearance Bond approved by Magistrate Judge Jacqueline Chooljian. (ja) (Entered: 02/18/2020) |
| 02/13/2020 | 10 | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $25,000.00 by surety: Heather Exley for Bond and Conditions (CR-1) 9 . Filed by Defendant Miles Michmowicz (ja) (Entered: 02/19/2020) |
| 02/13/2020 | 11 | SEALED UNREDACTED Affidavit of Surety (CR-4) filed by Defendant Miles Michmowicz re: Affidavit of Surety (No Justification)(CR-4) 10 (ja) (Entered: 02/19/2020) |
| 02/19/2020 | | Notice to Eastern District of Tennessee of a Rule 5 Initial Appearance as to Defendant Miles Michmowicz. Your case number is: 3:19-CR-220. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 4 Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (ja) (Entered: 02/19/2020) |

FILED

2020 FEB 11  AM 11: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

20MJ00638

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 3:19 – CR-220 |
| v. | |
| Miles Michnowicz | **AFFIDAVIT RE OUT-OF-DISTRICT WARRANT** |
| DEFENDANT(S). | |

The above-named defendant was charged by: ~~Federal~~ United States

in the Eastern _____ District of Tennessee _____ on 2/5/2020  2/5/2020

at 8:30 _____ ☑ a.m. / ☐ p.m. The offense was allegedly committed on or about March 2019

in violation of Title 21 _____ U.S.C., Section(s) 841(a)(1) & 841(b)(1)(C)(B)

to wit: _____

A warrant for defendant's arrest was issued by: John L Medearis, Eastern District of Tennessee

Bond of $_____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach):

I swear that the foregoing is true and correct to the best of my knowledge.

Sworn to before me, and subscribed in my presence on ___11 Feb 2020___, by

_Renico Smith_ , Deputy Clerk.

| _signature_ | _Marc Tourangeau_ |
|---|---|
| Signature of Agent | Print Name of Agent |
| FBI | _Special Agent_ |
| Agency | Title |

1202

FILED

2020 FEB 11  AM 11: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

2 0 MJ 0 0 6 3 8

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: |
| v. **PLAINTIFF** | 2 0 MJ 0 0 6 3 8 |
| Miles Mrchnowicz | **REPORT COMMENCING CRIMINAL ACTION** |
| USMS# _____   **DEFENDANT** | |

TO:  CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed.  Any area not applicable or unknown should indicate "N/A".

1.  Date and time of arrest: 2/11/2020 @ 8:00    ☑ AM  ☐ PM

2.  The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:  ☐ Yes  ☑ No

3.  Defendant is in U.S. Marshals Service lock-up (in this court building):  ☑ Yes  ☐ No

4.  Charges under which defendant has been booked:

    Title 21 U.S.C 844, 841(a)(1) & 841 (b)(1)(B)

5.  Offense charged is a:  ☑ Felony  ☐ Minor Offense  ☐ Petty Offense  ☐ Other Misdemeanor

6.  Interpreter Required:  ☑ No  ☐ Yes   Language: _____

7.  Year of Birth: 1996

8.  Defendant has retained counsel:  ☑ No
    ☐ Yes   Name: _____   Phone Number: _____

9.  Name of Pretrial Services Officer notified: Vivian Villegas

10. Remarks (if any): _____

11. Name: Marc Tourangeau   (please print)

12. Office Phone Number: 310-294-0044   13. Agency: FBI

14. Signature: _____   15. Date: 2/11/2020

CR-64 (05/18)          **REPORT COMMENCING CRIMINAL ACTION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. )
)
 )
)   NO. 3:19-CR-220
)   JUDGES VARLAN/POPLIN
)
)   **(UNDER SEAL)**
)
)
)   20MJ00638
)
)
)
)
)
MILES MICHNOWICZ, )
)
)
)
)
)
)
)
)

**SUPERSEDING INDICTMENT**

**COUNT ONE**

The Grand Jury charges that from in or about August 14, 2018, up to and including on or

about December 20, 2019, in the Eastern District of Tennessee and elsewhere, the defendants,

combine, conspire, confederate, and agree with one another and others to knowingly,

intentionally and without authority, distribute fifty (50) grams or more of methamphetamine, its

salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title

21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO

The Grand Jury further charges that from in or about June 2019 up to and including on or

about December 20, 2019, in the Eastern District of Tennessee and elsewhere, the defendants,

did combine, conspire, confederate, and agree with one another and others to knowingly,

intentionally and without authority, distribute one (1) kilogram or more of a mixture and

substance containing a detectable amount of heroin, a Schedule I controlled substance, and four

hundred (400) grams or more of a mixture and substance containing a detectable amount of N-

phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II

controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and

841(b)(1)(A).

## COUNT THREE

The Grand Jury further charges that from on or about March 18, 2019, up to and

including on or about January 10, 2020, in the Eastern District of Tennessee and elsewhere, the

defendants,

2

████████████████████████████████████████████████,

MILES MICHNOWICZ, ██████████████████████████████████

███████, did combine, conspire, confederate, and agree with one another and others to knowingly, intentionally and without authority, distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR

The Grand Jury further charges that from in or about August 14, 2018, up to and including on or about December 20, 2019, in the Eastern District of Tennessee and elsewhere, the defendants, █████████████████████████████, did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another and others known and unknown to the Grand Jury to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 as follows:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and conspiracy to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), with the intent to promote the carrying on of a specified unlawful activity, that is conspiracy to distribute fifty (50) grams or

3

more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and conspiracy to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    (b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and conspiracy to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and conspiracy to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a

4

Schedule I controlled substance, and four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE

The Grand Jury further charges that from in or about August 14, 2018, up to and including on or about December 20, 2019, in the Eastern District of Tennessee and elsewhere, the defendants, ████████████, MILES MICHNOWICZ, and ███████ ████████ did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another and others known and unknown to the Grand Jury to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 as follows:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B), with the intent to promote the carrying on of a specified unlawful activity, that is conspiracy to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code,

5

Sections 846, 841(a)(1), and 841(b)(1)(B), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is that is conspiracy to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is that is conspiracy to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B), and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT SIX

The Grand Jury further charges that, on or about August 14, 2018, within the Eastern District of Tennessee, the defendants ███████████████████, aided and abetted by another, did knowingly possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of

6

marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code,

Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D) and Title 18 United States Code Section 2.

### COUNT SEVEN

The Grand Jury further charges that, on or about August 14, 2018, within the Eastern

District of Tennessee, the defendants, ████████████████████████ aided

and abetted by another, did knowingly possess firearms in furtherance of a drug trafficking crime

for which they may be prosecuted in a court of the United States, as set forth in Count Six of this

Superseding Indictment, which is incorporated herein by reference, all in violation Title 18,

United States Code, Sections 924(c) and 2.

### COUNT EIGHT

The Grand Jury further charges that, on or about November 21, 2019, within the Eastern

District of Tennessee, the defendant, █████████████, aided and abetted by another, did

knowingly possess and discharge a firearm in furtherance of a drug trafficking crime for which

he may be prosecuted in a court of the United States, as set forth in Counts One, Two, and Three

of this Superseding Indictment, which is incorporated herein by reference, all in violation Title

18, United States Code, Sections 924(c) and 2.

### COUNT NINE

The Grand Jury further charges that on or about December 20, 2019, within the Eastern

District of Tennessee, the defendant, ██████████████, did knowingly possess with

intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule

I controlled substance, and a mixture and substance containing a detectable amount of N-phenyl-

N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II controlled

substance, all in violation of Title 21, United States Code, Sections, 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

The Grand Jury further charges that, on or about December 20, 2019, within the Eastern District of Tennessee, the defendant, ████████████████, did knowingly possess and discharge a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as set forth in Counts One, Two, and Nine of this Superseding Indictment, which is incorporated herein by reference, all in violation Title 18, United States Code, Section 924(c).

## COUNT ELEVEN

The Grand Jury further charges that, on or about December 20, 2019, within the Eastern District of Tennessee, the defendant, ████████████████, did knowingly assault, resist, oppose, impede, intimidate, and interfere with multiple Federal Bureau of Investigation Special Agents while the Special Agents were engaged in the performance of their official duties, and did thereby use a deadly weapon by shooting at the Special Agents with a firearm in violation Title 18, United States Code, Sections 111(a) and (b).

## COUNT TWELVE

The Grand Jury charges that on or about July 12, 2019, in the Eastern District of Tennessee, the defendants, ███████████████████████████, aided and abetted by one another, did knowingly, intentionally and without authority, distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

The Grand Jury further charges that on or about August 23, 2019, in the Eastern District of Tennessee, the defendants, ██████████████████████████, aided and

8

abetted by one another, did knowingly, intentionally and without authority, distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

The Grand Jury further charges that on or about November 13, 2019, in the Eastern District of Tennessee, the defendant, ███████████████, did knowingly, intentionally and without authority, distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIFTEEN

The Grand Jury further charges that on or about November 13, 2019, in the Eastern District of Tennessee, the defendant, ███████████, did knowingly, intentionally and without authority, possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## NOTICE OF ENHANCED PENALTIES

Before committing the offense charged in Counts One and Two of this Indictment, the defendants, ████████████████████████  ████████  ████████ had at least one final conviction for a serious drug felony, for which each served at least 12 months in custody and was released from custody no more than 15 years before the commencement of the offense charged in Counts One and Two. As a result, the defendants, ████████████████████████  ████████  ████████, are subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(A) and 851.

9

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

The allegations contained in Counts One, Two, Three, Six, Nine, Twelve, Thirteen, Fourteen, and Fifteen of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and/or 841, the defendants,



, MILES MICHNOWICZ,

, shall

forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.  The property to be forfeited includes but is not limited to the following:

### Money Judgment

Proceeds the defendants

MILES MICHNOWICZ,

10

personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846.

Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty.

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

The allegation contained in Counts Four and Five are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants, ███████████████████████, MILES MICHNOWICZ, ███████████████ shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

Proceeds the defendants, ███████████████████████, MILES MICHNOWICZ, ███████████████ personally obtained which represents the funds involved in financial transactions as a result of the violations of Title 18, United States Code, Section 1956.

11

Pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty.

## FIREARM FORFEITURE ALLEGATIONS

The allegations contained in Counts Seven, Eight, and Ten of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c) as set forth in this Indictment, the defendants, ███████████████████ ████████████████████████ shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendants shall forfeit substitute property, up to the value

of the property subject to forfeiture, if by any act or omission of the defendant, the property, or

any portion thereof:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided

              without difficulty.

A TRUE BILL:

_____

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

_____

Cynthia F. Davidson
Assistant United States Attorney

13

FILED

FBI

AO 442 (Rev. 01/09) Arrest Warrant

2020 FEB 11 PM 12: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

RECEIVED BY: RC

DATE: 2/6/2020   TIME: 0980

U.S. MARSHAL  E/TN
KNOXVILLE, TN

United States of America
v.

MILES MICHMOWICZ

_____
Defendant

)
)
)
)
)

Case No.   3:19-CR-220

20MJ00638

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   MILES MICHMOWICZ

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☑ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to knowingly, intentionally and without authority, distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B); and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

Date: 2/5/2020

City and state:   KNOXVILLE, TN

_____
Issuing officer's signature

JOHN L. MEDEARIS, CLERK
Printed name and title

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ |

Date: _____

_____
Arresting officer's signature

_____
Printed name and title

FID: 11076426

2074-0206-0936-J

AO 442  (Rev. 01/09)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:   MILES MICHMOWICZ

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:   07/12/1996

Social Security number:   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

Height:   6'03"                                        Weight:   190

Sex:   Male                                            Race:   White

Hair:   Blonde                                         Eyes:   Blue

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:   R2TPMAD57

Complete description of auto:

Investigative agency and address:   FBI

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | Western Division | UNDER SEAL |
| | Plaintiff. | | |
| vs. | | Case Number: 2:20-MJ-00638 | Out of District Affidavit |
| MILES MICHNOWICZ | | Initial App. Date: 02/11/2020 | Custody |
| | | Initial App. Time: 2:00 PM | |
| | Defendant. | Date Filed: 02/11/2020 | |
| | | Violation: 21:846; 21:841 | |
| | | CourtSmart/ Reporter:  CourtSmart | |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Charles F. Eick | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

PRESENT:

| Pierson, Stacey | Patrick Castaneda | None |
|---|---|---|
| Deputy Clerk | Assistant U.S. Attorney | Interpreter/Language |

☐ INITIAL APPEARANCE NOT HELD - CONTINUED

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and preliminary hearing OR ☐ removal hearing / Rule 20.

☑ Defendant states true name ☑ is as charged ☐ is _____

☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.

☑ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.

☑ Attorney: Charles Brown, DFPD ☑ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)

☐ Special appearance by: _____

☐ Government's request for detention is: ☐ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED

☑ Defendant is ordered: ☐ Permanently Detained ☐ Temporarily Detained (see separate order).

☑ BAIL FIXED AT $ 25,000 — (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)

☑ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☑ GRANTED ☐ DENIED

☑ Preliminary Hearing waived.  as to this deft only

☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties

☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.

☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for District Judge _____ for the setting of further proceedings.

☐ Preliminary Hearing set for _____ at 4:30 PM

☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana

☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED

☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED

☑ Defendant executed Waiver of Rights. ☐ Process received.

☑ Court ORDERS defendant Held to Answer to  Eastern  District of  Tennessee.

   ☑ Bond to transfer, if bail is posted. Defendant to report on or before  Court runs Judge Poplin  By ORD:  E/D Tenn. 2/25/20 1:30pm.

   ☐ Warrant of removal and final commitment to issue. Date issued: _____

   ☐ Warrant of removal and final commitment are ordered stayed until _____

☐ Case continued to (Date) _____ (Time) _____ AM / PM

   Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.

   Proceedings will be held in the ☐ Duty Courtroom ☐ Judge's Courtroom

☑ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.

☐ Abstract of Court Proceeding (CR-1) issued. Copy forwarded to USM.

☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.

☑ RELEASE ORDER NO:  59915

☐ Other: _____

☐ PSA ☐ USPO        ☐ FINANCIAL        ☐ READY

Deputy Clerk Initials: _____

10 min.

M-5 (10/13)          CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE          Page 1 of 1

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Case Name: United States of America v. _Miles Michnowicz_     Case No. _20 mj-638_

☑ Defendant  ☐ Material Witness

Violation of Title and Section: _21 USC 846; 21 USC 841_

☐ Summons  ☐ Out of District  ☐ **UNDER SEAL**  ☐ Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

| | |
|---|---|
| 1. ☐ Personal Recognizance *(Signature Only)* | (c). ☐ Affidavit of Surety With Justification *(Form CR-3)* Signed by: |
| 2. ☐ Unsecured Appearance Bond<br>    $ _____ | _____ |
| 3. ☑ Appearance Bond<br>    $ _25,000 –_ | _____ |
| (a). ☐ Cash Deposit *(Amount or %)* *(Form CR-7)* | ☐ With Full Deeding of Property: |
| (b). ☑ Affidavit of Surety Without<br>    Justification *(Form CR-4)* Signed by:<br>    _deft's mother_ | _____ |

Release No.
_39,485_

☐ Release to Pretrial ONLY
☐ Release to Probation ONLY
☑ Forthwith Release
_upon submission_
_of dealer re passport_

☑ All Conditions of Bond
*(Except Clearing-Warrants Condition)* Must be Met and Posted by:
_2/12/20 COB._

4. ☐ Collateral Bond in the Amount of *(Cash or Negotiable Securities)*:
    $ _____

☐ Third-Party Custody Affidavit *(Form CR-31)*

5. ☐ Corporate Surety Bond in the Amount of:
    $ _____

☑ Bail Fixed by Court:
    _E_ / _SR_
    *(Judge / Clerk's Initials)*

## PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).

☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☑ Submit to: ☑ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
  **(The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency.")**

☑ Surrender all passports and travel documents to Supervising Agency no later than _____ , sign a Declaration re Passport and Other Travel Documents *(Form CR-37)*, and do not apply for a passport or other travel document during the pendency of this case.

☑ Travel is restricted to _CD/CA + State TN_ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☐ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _M_zjl_     Date: _2/11/20_

**Case Name:** United States of America v. Miles Michnowicz   **Case No.** 20-ms-638

☑ Defendant   ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☐ except _____

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☑ Do not use or possess illegal drugs or state-authorized marijuana. ☑ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☑ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ☐ will or ☐ will not include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

    ☐ Location monitoring only - no residential restrictions;

        **-or-**

    ☐ You are restricted to your residence every day:

        ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

        ☐ as directed by Supervising Agency;

        **-or-**

Defendant's Initials: MGM   Date: 2/11/20

Case Name: United States of America v. _Miles Michnowicz_    Case No. _20 MJ-638_

☒ Defendant    ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and _____, all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**   ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____
_____
_____
_____
_____
_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _MCM_    Date: _____

Case Name: United States of America v. _Miles Michnowicz_        Case No. _20mj-638_

☑ Defendant    ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment** may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the **United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_2/11/20_                    _M_____                    _20729d 5077_
Date                         Signature of Defendant / Material Witness            Telephone Number

_Vannrys, CA_
City and State (**DO NOT INCLUDE ZIP CODE**)

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form
   and have been told by the defendant that he or she understands all of it.

_____            _____
Interpreter's Signature                              Date

Approved: _____            _____
          United States District Judge / Magistrate Judge                    Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _MGM_    Date: _2/11 20_

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK U.S. DISTRICT COURT
FEB 11 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF | 20-MJ-638 |
| v. | |
| Miles Michnowicz | **DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS** |
| DEFENDANT. | |

I, _____Miles Michnowicz_____, declare that
*(Defendant/Material Witness)*

☐ I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case.

☐ I have been issued a passport or other travel document(s). I will surrender my passport and all other travel document(s) issued to me to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case.

☒ I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

☐ My passport and all other travel documents issued to me are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __11__ day of __February__, 20 _20_
at __Los Angeles, CA__
*(City and State)*

_____Miles M____
*Signature of Defendant/Material Witness*

If the declarant is not an English speaker, include the following:

I, _____, am fluent in written and spoken English and _____
languages. I accurately translated this form from English into _____
to declarant _____ on this date.

Date: _____

_____
*Interpreter*

CR-37 (05/15)                    DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | | CASE NUMBER: |
|---|---|---|
| | Plaintiff, | 20 - 638 - M |
| v. | | |
| MILES MICHNOWICZ | | **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS** |
| | Defendant. | |

You are in the United States District Court for the Central District of California because you have been charged with a crime against the United States or a violation of probation, supervised release, or pretrial release. The Court informs you that you have the following constitutional and statutory rights in connection with these proceedings:

You have the right to remain silent. Anything you say, sign, or write can be used against you in this or in any other case.

If you have not already received a copy of the charges, you will receive a copy today.

You have the right to hire and be represented by a lawyer of your choosing at each and every stage of these proceedings. If you cannot afford to hire a lawyer, you can apply to the Court to have a lawyer appointed to represent you for free from the office of the Federal Public Defender or the Indigent Defense Panel. The application for free counsel includes a financial affidavit, which you must sign under penalty of perjury. If you say something on the form that is not true or leave out material information, you could be charged with another crime, such as perjury or making a false statement.

If you are not a United States citizen, you may request that the prosecution notify your consular office that you have been arrested. Even without such a request, the law may require the prosecution to do so.

## IF YOU ARE MAKING YOUR INITIAL APPEARANCE BEFORE THE COURT

You have a right to a bail hearing in which the Magistrate Judge will determine whether you will be released from custody before trial. If you disagree with the Magistrate Judge's decision, you can appeal that decision to another Judge of this Court. You or the prosecutor can request that the bail hearing be continued to another day.

If you have been charged by complaint, you are entitled to a preliminary hearing within 14 days if the Magistrate Judge orders that you be detained pending trial, or 21 days if the Magistrate Judge orders that you be released pending trial. In a preliminary hearing, the prosecution will attempt to show that there is probable cause to believe that you committed the crime charged in the complaint. You will not be entitled to a preliminary hearing, however, if the prosecution obtains an indictment in your case before the time set for the preliminary hearing. (Most often, the prosecutors in the Central District of California present their cases to the grand jury before the time set for the preliminary hearing and, therefore, no preliminary hearing is held.)

## IF YOU ARE CHARGED WITH A VIOLATION OF YOUR CONDITIONS OF SUPERVISED RELEASE OR PROBATION

If you are charged with a violation of the terms and conditions of your supervised release or probation and the Magistrate Judge detains you, you have the right to a preliminary hearing before a Magistrate Judge.

## IF YOU ARE CHARGED IN ANOTHER DISTRICT

If you have been arrested on a charge from another district, you are entitled to wait until the prosecution produces a copy of the warrant authorizing your arrest. You are also entitled to an identity hearing in which the prosecution would have the burden of proving there is probable cause to believe that you are the person named in the charges. If you are charged in a complaint from another district, you may request to have a preliminary hearing held in the charging district. If you are charged with a violation of a term of supervised release or probation imposed in another district, you have a right to a preliminary hearing, which may, depending on where the alleged violation occurred, be held either here or in the charging district.

If you want to plead guilty in the Central District of California, you may request to have your case transferred to this district. To proceed in this district, the United States Attorneys for this district and the charging district must agree to the transfer.

## IF YOU ARE APPEARING FOR ARRAIGNMENT

If you have been charged by indictment or information, you will be arraigned and may be asked to enter a not guilty plea today. After your arraignment, your case will be assigned to a District Judge of this Court for all further proceedings, unless a Judge has already been assigned.

You are entitled to a speedy and public trial by jury. The right to a jury trial can be waived.

You are entitled to see and hear the evidence and cross-examine the witnesses against you. You are entitled to the processes of the Court to subpoena witnesses on your behalf without cost to you if you are indigent. You do not have to prove your innocence. The prosecution has the burden to prove your guilt beyond a reasonable doubt.

## ACKNOWLEDGMENT OF DEFENDANT:

I have read the above Advisement of Rights and understand it. I do not require a translation of this statement nor do I require an interpreter for court proceedings.

Dated: 2/11/20 _____          _____
                                          *Signature of Defendant*

**[or]**

I have personally heard a translation in the _____ language read to me and understand the above Advisement of Rights.

Dated: _____

                                          _____
                                          *Signature of Defendant*

## STATEMENT OF THE INTERPRETER:

I have translated this Advisement of Rights to the Defendant in the _____ language.

Dated: _____

                                          _____
                                          *Signature of Interpreter*

                                          _____
                                          *Print Name of Interpreter*

## STATEMENT OF COUNSEL:

I am satisfied that the defendant has read this Advisement of Rights or has heard the interpretation thereof and that he/she understands it.

Dated: 2/11/2020 _____       _____
                                          *Signature of Attorney*

CR-10 (06/18)          ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS          PAGE 2 OF 2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CLERK, U.S. DISTRICT COURT

FILED

FEB 11 2020

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA, | CASE NUMBER: |
| PLAINTIFF | 20 - 638 M |
| v. | |
| MILES MICHNOWICZ | **WAIVER OF RIGHTS** |
| DEFENDANT. | **(OUT OF DISTRICT CASES)** |

I understand that charges are pending in the ___Eastern___ District of ___Tennessee___
alleging violation of ___21·846___ and that I have been arrested in this district and
(Title and Section / Probation / Supervised Release)
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)    have an identity hearing to determine whether I am the person named in the charges;
(2)    arrival of process;

*-Check one only-*

☒  **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

(3)    have a preliminary hearing (unless an indictment has been returned or an information filed) to
determine whether there is probable cause to believe an offense has been committed by me, the
hearing to be held in this district or the district of prosecution; and

(4)    request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead
guilty.

☐  **PROBATION OR SUPERVISED RELEASE CASES:**

(3)    have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am
held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether
there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☐    have an identity hearing
☒    arrival of process
☒    have a preliminary hearing
☒    have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☐    have an identity hearing, but I request that a preliminary hearing be held in the prosecuting
district.

_____
Defendant

_____
Defense Counsel

Date: _2/11/2020_

_____
United States Magistrate Judge

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)                     WAIVER OF RIGHTS (OUT OF DISTRICT CASES)

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. _Miles Michnowicz_     **Case No.** _20 MJ-638_

☑ Defendant   ☐ Material Witness

**Violation of Title and Section:** _21 USC 846; 21 USC 841_

☐ Summons   ☐ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

---

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance *(Signature Only)*

2. ☐ Unsecured Appearance Bond
   $ _____

3. ☑ Appearance Bond
   $ _25,000-_
   (a). ☐ Cash Deposit *(Amount or %) (Form CR-7)*
   (b). ☑ Affidavit of Surety Without Justification *(Form CR-4)* Signed by:
   _Deft's mother_
   _____
   _____
   _____
   _____

(c). ☐ Affidavit of Surety With Justification *(Form CR-3)* Signed by:
   _____
   _____
   _____
   ☐ With Full Deeding of Property:
   _____
   _____
   _____
   _____
   _____

4. ☐ Collateral Bond in the Amount of *(Cash or Negotiable Securities)*:
   $ _____

5. ☐ Corporate Surety Bond in the Amount of:
   $ _____

Release No.
_39,485_

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
☑ **Forthwith Release**
_upon submission_
_of Declar. re Passport_

☑ All Conditions of Bond *(Except Clearing-Warrants Condition)* Must be Met and Posted by:
_2/12/20 COB._

☐ Third-Party Custody Affidavit *(Form CR-31)*

☑ Bail Fixed by Court:
_E_ / _Sp_
*(Judge / Clerk's Initials)*

---

### PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☑ Submit to: ☑ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
   *(The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency.")*

☑ Surrender all passports and travel documents to Supervising Agency no later than _____ , sign a Declaration re Passport and Other Travel Documents *(Form CR-37)*, and do not apply for a passport or other travel document during the pendency of this case.

☑ Travel is restricted to _CD/CA + State TN_ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☐ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials _____   Date _____

CR-1 (05/19)                CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM                PAGE 1 OF 4

Case Name: United States of America v. _Miles Michnowicz_   Case No. _20-MS-638_

☑ Defendant ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or
witness in the subject investigation or prosecution, ☐ including but not limited to _____
_____ ; ☐ except _____ .

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence
of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:
_____ .

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance,
you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your
own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree
to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining
permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and
requirements of the program.  You must pay all or part of the costs for treatment based upon your ability to pay as determined by
Supervising Agency.

☑ Do not use or possess illegal drugs or state-authorized marijuana.  ☑ In order to determine compliance, you agree to
submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☑ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or
designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as
prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency.
You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs
of treatment based upon your ability to pay as determined by Supervising Agency. ☐ Release to PSA only ☐ Release to USPO only

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by
Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising
Agency, which ☐ will or ☐ will not include a location monitoring bracelet. You must pay all or part of the costs of the program based
upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

☐ Location monitoring only - no residential restrictions;

-or-

☐ You are restricted to your residence every day:

☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

☐ as directed by Supervising Agency;

-or-

Defendant's Initials _MM_

CR-1 (05/19)                 CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM                 PAGE 2 OF 4

**Case Name:** United States of America v. _Miles Michnowicz_   Case No. _20 MJ-638_

☑ Defendant   ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and
_____, all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**   ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days
of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except
as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person
and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than
the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children
under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare
facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica.   ☐ In order to determine compliance, you agree to submit to a search
of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S.
Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as
may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other
United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or
direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number,
so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not
tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be
subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's initials _____

CR-1 (05/19)          CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM          PAGE 3 OF 4

**Case Name:** United States of America v. _Miles Michnowicz_   Case No. _20MJ-638_

☑ Defendant   ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

| | | |
|---|---|---|
| _2/11/20_ | _MG_ | _26712gd 5073_ |
| Date | Signature of Defendant / Material Witness | Telephone Number |

_Vannrys, CA_
City and State (**DO NOT INCLUDE ZIP CODE**)

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____   _____
Interpreter's Signature   Date

Approved: _____   _2/13/2020_
United States District Judge / Magistrate Judge   Date

JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

CR-1 (05/19)   CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM   PAGE 4 OF 4

Date Approved: 02-13-20      Extension: 0637

By: ____Patrick Castañeda____

☐ PSA Officer *(for material witness only)*   ☐ AUSA

Signature: _____

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF, | 20-MJ-638 |
| v. | |
| MILES MICHNOWICZ | **AFFIDAVIT OF SURETY (NO JUSTIFICATION)** |
| DEFENDANT(S). | |

FILED

    I, the undersigned surety, state on oath that I permanently reside within the jurisdiction of the United States District Court for the Central District of California at the address indicated below or in (City, State):
Philadelphia, Pennsylvania

    I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 as set forth at the bottom of this document and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $ 25,000.00 _____ , in the event that the bond is forfeited.

    I further understand that it is my obligation to inform the Court and counsel of any change in residence address or employment of the defendant immediately upon becoming aware of such fact.

    I further agree and understand that, unless otherwise ordered by the Court, the bond for which this affidavit supports is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned is duly exonerated by Order of the Court.

    I declare under the penalty of perjury that the foregoing is true and correct. Executed on this _____11th_____ day of February _____ , 20 20 _____ .

| Heather Exley | X X X - X X - 5658 |
|---|---|
| Name of Surety | Social Security Number of Surety *(Last 4 digits only)* |
| | |
| Signature of Surety | |
| | Address of Surety |
| Mother | Bala Cynwyd, PA |
| Relationship of Surety | City, State, Zip Code |

---

*Local Criminal Rule 46-6*

*Bond – Summary Adjudication of Obligation*

*A bond or undertaking presented for filing shall contain consent of the principal and surety that, in case of default or contumacy on the part of the principal or surety, the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment. An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution. Service may be made on a corporate surety as provided in 31 U.S.C. § 9306.*